UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELDER PEIXOTO, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>EQUIFAX CREDIT INFORMATION )<br>SERVICES and TOM CHAPMAN, )<br>)<br>       Defendants. )<br>_____ ) | Civil Action No. 04-CV-10435-JLT |

**ANSWER and AFFIRMATIVE DEFENSES OF**
**DEFENDANT EQUIFAX INFORMATION SERVICES LLC**

Defendant Equifax Information Services LLC (improperly named as "Equifax Credit Information Services") by its counsel, hereby answers the Complaint as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's alleged injuries and damages, if any, were directly and proximately caused by the acts or omissions of third persons over whom Equifax had neither control nor responsibility and/or resulted from an intervening proximate cause.

**THIRD DEFENSE**

To the extent that plaintiff has sustained any damages, which is expressly denied by Equifax, such damages were caused or contributed by plaintiff's failure to use that degree of care and caution that would have been used by a person of ordinary care.

829455

- 2 -

## FOURTH DEFENSE

Equifax has complied with the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., including in particular, 15 U.S.C. § 1681i, to the extent that it had a duty to do so and is entitled to every defense provided therein.

## FIFTH DEFENSE

Some or all of plaintiff's claims against Equifax are barred by 15 U.S.C. § 1681h(e).

## SIXTH DEFENSE

At all times, Equifax acted in good faith and without malice or intent to injure the plaintiffs.

## SEVENTH DEFENSE

A private litigant is not entitled to injunctive relief under the FCRA. *Washington v. CSC Credit Svcs Inc.*, 199 F.3d 263, 268 (5th Cir.2000).

## EIGHTH DEFENSE

For answer to the separately numbered paragraphs of the complaint, Equifax states as follows:

1.     Equifax denies that plaintiff has stated, or can prove, the elements to claims under the FCRA or state law. Equifax denies the remaining allegations, if any, contained in the first paragraph of page 2.

### JURISDICTION

2.     To the extent that plaintiff can maintain his federal cause of action, which Equifax denies, jurisdiction would be proper in this Court.

## PARTIES

3.   Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's residence and use of the term "consumer," and therefore denies them.

4.   Equifax Information Services LLC is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and a "person," as defined by 15 U.S.C. § 1681a(b). Equifax denies the remaining allegations, if any, against it contained in paragraph 2 on page 3.

5.   Equifax denies that Thomas Chapman is CEO of "Equifax Information Solutions."

## AFFIDAVIT IN SUPPORT OF ACTION

6.   Equifax denies that it "willfully and negligently failed to provide complete consumer disclosures on numerous occasions."

7.   Equifax denies that it "willfully and negligently failed to limit the furnishing of consumer reports to users with a permissable [*sic*] purpose."

8.   Equifax denies that it "willfully and negligently failed to provide trained personnel."

9.   Equifax denies that it "willfully and negligently failed to provide to plaintiff a summary of all rights."

10.  Equifax denies that it "willfully and negligently failed to follow reasonable procedures to assure maximum possible accuracy."

11.  Equifax denies that it "willfully and negligently failed to provide consumer disclosures by telephone and fax."

12. Equifax denies that it "willfully and negligently failed to to [sic] investigate plaintiffs [sic] disputes, failed to provide notice of the disputes to furnishers and failed to consumer plaintiffs [sic] information."

LIST OF ACCOUNTS

13. Equifax denies that it failed to handle any obligation owed to plaintiff regarding the five accounts listed.

14. Equifax denies that it willfully and negligently violated the FCRA regarding its handling of the Portfolio account.

WHEREFORE, Defendant Equifax Information Services LLC, having fully answered plaintiff's Complaint, denies that plaintiff is entitled to his prayers for relief, or to any recovery from Equifax, and for itself prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice as to defendant Equifax, with all costs taxed against plaintiff;

(2) That Equifax recover from plaintiff its expenses of litigation, including attorneys' fees; and

(3) That Equifax recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted,
EQUIFAX INFORMATION SERVICES LLC
By its attorneys,

*/s/ David B. Wilson*

David B. Wilson  (BBO# 548359)
ROBINSON & COLE LLP
One Boston Place
Boston, MA  02108-4404
DATED:  June 4, 2004                                Tel 617-557-5900

- 4 -

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2004, I caused a true and correct copy of the foregoing *Answer and Affirmative Defenses of Defendant Equifax Information Services LLC* to be served by U.S. mail with sufficient postage affixed to ensure delivery addressed as follows:

>Helder Peixoto
>161 Webster Ave.
>Cambridge, MA  02141

Signed under the penalties of perjury.

*David B. Wilson*
David B. Wilson