UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELDER PEIXOTO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUIFAX CREDIT INFORMATION )<br>SERVICES and TOM CHAPMAN, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 04-CV-10435-JLT |

**DEFENDANT THOMAS CHAPMAN'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT AND
<u>MEMORANDUM OF LAW IN SUPPORT</u>**

Defendant Thomas Chapman, specially appearing through counsel, moves this Court to dismiss plaintiff's claims against him. Plaintiff's complaint makes only one allegation against Mr. Chapman: "Chapman is CEO of Equifax Information Solutions." Complaint, pg. 3. Plaintiff alleges nothing further. There is nothing regarding the jurisdictional ties of Mr. Chapman to this Court, nor anything regarding Mr. Chapman's alleged actions. If plaintiff has not, and cannot, state a jurisdictional basis or a claim against Mr. Chapman, can he continue to maintain this action?

The answer is no. Mr. Chapman is a Georgia resident and Chief Executive Officer of Equifax Inc., the parent company of Equifax Information Services LLC. Because he is a non-resident corporate officer of a company that has not even been sued, plaintiff cannot possibly establish personal jurisdiction over him independent from that of the corporate defendant. As such,

829459

this Court must dismiss plaintiff's Complaint against Mr. Chapman under Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

The cardinal rule of corporate law is that the corporation possess a legal existence separate and distinct from that of its officers, employees, shareholders, and directors.  6 EGL Corporations, § 6 (1978 Rev.).  A suit against the corporation cannot proceed against its members in their personal capacities unless some persuasive reason is presented for piercing the corporate veil.  *Kilsheimer v. The State*, 250 Ga.549, 550, 299 S.E.2d 733 (1983); *Hamilton Bank & Trust Co. v. Holliday*, 469 F.Supp. 1229, 1241 (N.D.GA.1979); *Cash Energy, Inc. v. Weiner*, 768 F.Supp. 892, 895 (D.Mass.1991); *Marks v. Polaroid Corp.*, 237 F.2d 428 (1st Cir.1956), *cert. denied*.

Plaintiff makes no allegations against Mr. Chapman except for the erroneous claim that he is the CEO of a non-existent company called "Equifax Information Solutions."  Plaintiff has therefore failed in his burden of showing the Court that jurisdiction does in fact exist.  Fed. R. Civ. P. 8(a)(1); *Callahan v. Harvest Board Int'l, Inc.*, 138 F.Supp.2d 147, 157 (D.Mass.2001). And further, having made no further statements regarding Mr. Chapman, he has literally failed to state a claim.

WHEREFORE, defendant Thomas Chapman respectfully requests that his Motion to Dismiss be granted, that plaintiff's Complaint be dismissed in its entirety and with prejudice as to defendant Chapman, with all costs taxed against plaintiff; that Mr. Chapman recover from

plaintiff his expenses of litigation, including attorneys' fees; and that he recover such other and additional relief as the Court deems just and appropriate.

                        Respectfully submitted,

                        THOMAS CHAPMAN
                        By his attorneys,

                        */s/ David B. Wilson*

                        David B. Wilson  (BBO# 548359)
                        ROBINSON & COLE LLP
                        One Boston Place
                        Boston, MA  02108-4404

DATED:  June 4, 2004           Tel 617-557-5900

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2004, I caused a true and correct copy of the foregoing *Motion to Dismiss and Memorandum of Law in Support Thereof* to be served by U.S. mail with sufficient postage affixed to ensure delivery addressed as follows:

> Helder Peixoto
> 161 Webster Ave.
> Cambridge, MA  02141

Signed under the penalties of perjury.

*David B. Wilson*

David B. Wilson