IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELDER PEIXOTO<br><br>　　　　　　　　　　　Plaintiff<br><br>v.<br><br>TRANS UNION LLC, and<br>HARRY GAMBILL<br>　　　　　　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>) C.A. No: 04-CV-10435-NMG<br>)　　(Lead Number)<br>) (C.A. No: 04-CV-10437-NMG)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Harry Gambill, by and through his attorneys, specially appears to respectfully request this Honorable Court to dismiss Plaintiff's Complaint filed against him for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction. Mr. Gambill has not been served by plaintiff.

### I.   INTRODUCTION

Plaintiff filed this action claiming that Trans Union willfully and or negligently violated numerous provisions of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA"). Plaintiff claims the violations harmed him by "subjecting him to the possibility of identity theft, lost opportunities and loss of important mailings." (See Complaint, p. 5) The only allegation respecting Mr. Gambill, other than an assertion that he is the "CEO" of Trans Union is as follows:

HARRY GAMBILL IS RESPONSIBLE AND LIABLE FOR THE TRANSUNION PROCEDURES RESULTING IN THE NUMEROUS FCRA VIOLATIONS AND THE SUBSEQUENT SERIOUS DAMAGES TO PLAINTIFF AND MANY MILLIONS OF CONSUMERS.

As explained below, Mr. Gambill's Motion to Dismiss should be granted because (1) the allegations in the Complaint do not state a claim upon which relief can be granted; and (2) this Court does not have personal jurisdiction over him.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST GAMBILL UPON WHICH RELIEF CAN BE GRANTED.

If a complaint fails to plead the essential (or even minimal) facts of a claim, a complaint can and should be dismissed. Coyne v. Somerville, 972 F.2d 440 972 F.2d 440, 444-5 (1st Cir. 1992) Instantly, the Complaint fails to allege that Mr. Gambill falls within the definition of a consumer reporting agency or that his alleged conduct (not his "responsibility") in any **individual** capacity is in anyway connected to plaintiff's claim. Instead, plaintiff makes a bare and conclusory assertion respecting Mr. Gambill which fails to set forth any cognizable claim. Accordingly, the Complaint fails to state a claim upon which relief can be granted and Mr. Gambill's motion to dismiss should be granted.

## III. THIS COURT LACKS PERSONAL JURISDICTION OVER GAMBILL.

Plaintiff bears the burden to establish the existence of specific personal jurisdiction over a non-resident defendant. See Callahan v. Harvest Board Int'l, Inc., 138 F. Supp. 2d 147, 157 (D. Mass. 2001) and Interface Group-Massachusetts, LLC v. Rosen, 256 F. Supp. 2d 103, 104 (D.Mass. 2003). Moreover, jurisdiction over an officer of a defendant corporation can not be

2

based upon jurisdiction over the corporation. LaVallee v. Parrot-Ice Drink Prods. of Am., 193 F. Supp.2d 296, 300 (D. Mass. 2002).

Mr. Gambill does not reside or maintain a principal place of business in Massachusetts; plaintiff does not allege otherwise. Accordingly, general personal jurisdiction does not exist over Mr. Gambill. Likewise, specific personal jurisdiction over Mr. Gambill does not exist. It is well settled that the "fundamental fairness" under the Fourteenth Amendment requires that "minimum contacts" exist between a defendant and the forum state before personal jurisdiction may be exercised. Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995). The Court of Appeals provides for a three-part analysis to determine if sufficient contacts exist to satisfy the Fourteenth Amendment and exercise personal jurisdiction:

> First, an inquiring court must determine whether the claim underlying the litigation directly relates to or arises out of the defendant's contacts with the forum. Second, the defendant's in-state contacts must constitute purposeful availment of the benefits and protections afforded by the forum's laws, thus making the defendant's involuntary presence before the state's courts foreseeable. Third, if the plaintiff's case clears the first two hurdles, a court must analyze the overall reasonableness of exercising jurisdiction in light of a number of factors (the Gestalt factors) that touch upon the fundamental fairness of subjecting the defendant to the jurisdiction of the court. See Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999); see also Foster-Miller, Inc., 46 F.3d at 144. These three distinct components to the constitutional inquiry for personal jurisdiction are commonly referred to as the "relatedness," "purposeful availment" (sometimes called "minimum contacts"), "reasonableness" tests, respectively. E.g. Foster-Miller, Inc., 46 F.3d at 144. An affirmative finding on each of the three elements is necessary to support specific personal jurisdiction. Phillips Exeter Acad., 196 F.3d at 288.

Here, plaintiff can not and has not met any of the requirements. First, Mr. Gambill resides in Illinois and is not a citizen or resident of Massachusetts. Second, the Complaint does

not allege that he purposefully availed himself of the privilege of conducting activities in Massachusetts, or otherwise had any contacts with this District, with respect to Plaintiff or otherwise.

Moreover, there are no allegations in Plaintiff's Complaint concerning relevant actions or conduct by Mr. Gambill (in Illinois or Massachusetts) other than the bald assertion that Mr. Gambill is "responsible and liable" for corporate procedures. Mr. Gambill is simply an employee of Trans Union LLC (another Defendant in this matter) and Plaintiff's Complaint does not contend that the Mr. Gambill, in his individual capacity, has taken any action with respect to Plaintiff. Finally, plaintiff has not and can not allege that Mr. Gambill designed or implemented any procedures in disregard of plaintiff's rights under the FCRA. As such, there is absolutely no connection between anything Mr. Gambill has done in his individual capacity (or as an officer) the claims made instantly.

Further, Plaintiff has failed entirely to meet even the most generous pleading requirements for relief in the form of piercing the corporate veil or showing "personal involvement." (See, My Bread Baking Company v. Cumberland Farms, Inc., 353 Mass. 614, 233 N.E.2d 748 (1968) and Pepsi-Cola Metropolitan Bottling Company, Inc. v. Checkers, Inc., 754 F.2d 10 (1st Cir. 1985) and e.g. Cash Energy, Inc. v. Weiner, 768 F. Supp. 892, 897 (D. Mass. 1991) (where motion to dismiss denied because plaintiff's complaint rested upon "bald assertions" and did not delineate in any meaningful manner the conduct of the individual defendants respecting their "personal involvement" in the alleged improper acts.) Thus, it is respectfully submitted that Mr. Gambill's motion to dismiss should be granted.

WHEREFORE, Mr. Gambill respectfully requests this Honorable Court to grant his Motion to Dismiss.

                                            Respectfully Submitted,

                                            MARDIC MARASHIAN
                                            BONIN & MARASHIAN
                                            77 Franklin Street, 4th Floor
                                            Boston, MA 02110-1510
                                            (617) 723-2525; Fax: (617) 723-3163

*Of Counsel:*

Bruce S. Luckman (*pro hac vice*)
 Satzberg, Trichon, Kogan &
 Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688

*Counsel for Defendant,*
*Trans Union LLC*

DATED: September 1, 2004

## Local Rule 7.1 Certification

      Pursuant to Local Rule 7.1, I hereby certify that I conferred with the Plaintiff on in a good faith effort to narrow areas of dispute related to this Motion.

_____
Mardic Marashian

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELDER PEIXOTO<br><br>                             Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, and<br>HARRY GAMBILL<br><br>                            Defendants. | )<br>)<br>)<br>)<br>) C.A. No: 04-CV-10435-NMG<br>) (Lead Number)<br>) (C.A. No.: 04-CV-10437-NMG)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, Mardic Marashian, Attorney for the Defendant Trans Union LLC, hereby certify that a true copy of the Motion to Dismiss and Memorandum in Support of Motion to Dismiss have been served by first class mail, postage prepaid on the Plaintiff, Helder Peixoto, 161 Webster Street, Cambridge, Massachusetts 02141 with a copy to the following counsel of record:

John Friedline, Esq.
Kilpatrick Stockton LLP
1100 Peachtree St., Ste. 2800
Atlanta, GA 30309-4530

David B. Wilson, Esq.
Robinson & Cole LLP
One Boston Place
Boston, MA 02108

Robert S. White, Esq.
Bourgeois, Dresser & White
4 Dix Street
Worcester, MA 01609

Albert J. Rota, Esq.
JONES DAY
222 E. 41st Street
New York, New York 10017

Bruce S. Luckman, Esq.
Marion, Satzberg, Trichon, Kogan & Wertheimer
1818 Market Street
30th Floor
Philadelphia, PA 19103

DATED: September 1, 2004

_____
Mardic Marashian, Esq. (BBO#548607)
BONIN & MARASHIAN
77 Franklin Street, 4th Floor
Boston, MA 02110-1510
(617) 723-2525