UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELDER PEIXOTO, </br>        Plaintiff, </br></br>vs. </br></br>EQUIFAX CREDIT </br>REPORTING AGENCY, </br>        Defendant. | Case No. 04-CV-10435 </br>(consolidated with 04-CV-10437-NMG) |

### DEFENDANT EQUIFAX CREDIT REPORTING AGENCY'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE CLAIM

Defendant Equifax Credit Reporting Agency ("Defendant Equifax") hereby moves pursuant to Rule 41(b) (the "Motion") to dismiss for failure to prosecute the claims of *Pro Se* Plaintiff Helder Peixoto ("Plaintiff"). The several legal and factual bases for the dismissal of Plaintiff's claims are described briefly below and set forth more fully in the Memorandum of Law in Support of Defendant Equifax Credit Reporting Agency's Motion to Dismiss for Failure to Prosecute Claim (the "Memorandum").

Courts recognize that "the sanction of dismissal with prejudice for want of prosecution is a unique and awesome one, foreclosing forever [a claimant's] opportunity to obtain judicial redress." Pomales v. Celulares Telefonica, Inc. et al., 342 F.3d 44, 48 (1st Cir. 2003). "While dismissal with prejudice is a severe sanction, at times it becomes necessary." Medeiros v. United States, 621 F.2d 468, 469 (1st Cir. 1980) (affirming dismissal of claims in connection with a two-year case history). Dismissal is appropriate in the face of "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Cosme-Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987) (emphasis added).

BOST1-852917-1

Dismissal of Plaintiff's claims in the instant case is appropriate for the following independent reasons: (1) Plaintiff simultaneously initiated three separate actions, including his action against Defendant Equifax, on or about February 27, 2004. Since filing his several complaints, Plaintiff has done nothing to advance his claims. (2) Without notice to the Court or defendants, Plaintiff failed to appear at the December 9, 2004 Scheduling Conference before the Honorable Judge Nathaniel M. Gorton. (3) Plaintiff subsequently disregarded this honorable Court's order to explain his unexcused absence from the Scheduling Conference. To date, Plaintiff has proffered no explanation for his failure to appear at the Scheduling Conference. (4) Despite multiple warnings to Plaintiff by Defendant Equifax of its intentions to move to dismiss, Plaintiff has failed to provide Defendant Equifax with untimely responses to overdue discovery despite his promises to do so.

**WHEREFORE**, Defendant Equifax respectfully moves for an order pursuant to Rule 41(b) dismissing Plaintiff's claims <u>with prejudice</u>, and for such other relief as the Court may deem appropriate.

2

Respectfully submitted,

**EQUIFAX CREDIT REPORTING AGENCY**

by its attorneys,

/s/ Lee M. Holland
David B. Wilson, Esq., BBO #548359
Lee M. Holland, Esq., BBO #650617
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108-4404

John J. Friedline, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Dated: March 21, 2005

## Rule 7.1 Certification

Pursuant to Rule 7.1(A)(2), prior to filing the Motion and Memorandum, counsel for the Defendant Equifax conferred with Plaintiff with respect to the discovery dispute issues material to the within Motion and Memorandum, and was unable to reach a resolution regarding same.

/s/ Lee M. Holland
Lee M. Holland

## Certificate of Service

I, Lee M. Holland, counsel for the Defendant Equifax, hereby certify that on March 21, 2005 I served a copy of the within Motion on the Plaintiff and all counsel of record by mailing same via first class mail, addressed as follows:

Helder Peixoto
161 Webster Ave.
Cambridge, MA  02141
*Plaintiff Pro Se*

Albert J. Rota, Esq.
Jones Day
222 East 41st Street
New York, NY  10017-6702

John Friedline, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309

Mardic Marashian, Esq.
Bonin & Marashian
77 Franklin Street, 4th Floor
Boston, MA  02110

Bruce S. Luckman, Esq.
Satzberg, Trichon, Kogan & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA  19103

/s/ Lee M. Holland
Lee M. Holland