**Exhibit A**

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306



Direct Dial: (212) 326-3958
ajrota@jonesday.com

JP000838:ajr                      December 7, 2004
026123-050683


<u>VIA FEDERAL EXPRESS</u>

Clerk of the Court
United States District Court
    District of Massachussetts
1 Courthouse Way, Suite 2300
Boston, MA  02210

          Re:   *Helder Peixoto v. Equifax, et al.,*
                <u>No. 04-CV-10435</u>


Dear Madam or Sir:

      Enclosed for filing please find an original and a copy of the Conference of the Parties Report in the above-referenced action.  Would you please return a file stamped copy of the document in the envelope provided.

      Thank you for your attention to this matter.

                       Sincerely,

                       Albert J. Rota

Enclosures

cc:    Helder Peixoto (w/enclosure)
       Robert S. White, Esq. (w/enclosure)
       All counsel of record (w/enclosure)



NYI-2171753v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN SECTION

HELDER PEIXOTO,

Plaintiff,

v.

EQUIFAX, TOM CHAPMAN.,

Defendants.

Case No. 04-CV-10435 (NMG)

## CONFERENCE OF THE PARTIES REPORT

Pursuant to the Federal Rules of Civil Procedure 16 and 26, Local Rule 16.1, and the Discovery Order, dated March 25, 2004, the parties submit the following statement:

I.    AGENDA FOR SCHEDULING CONFERENCE

The parties propose that the agenda for the initial settlement conference include the following:

1. The parties' proposed discovery plan;

2. Discussion of the facts and law;

3. Settlement.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), the Plaintiff, Helder Peixoto, and counsel for Defendant Experian Information Solutions, Inc. ("Experian"), Attorney Albert J. Rota, on behalf of all Defendants, conferred by telephone on December 6, 2004. The parties agreed to a proposed agenda and a proposed discovery schedule.

II.    DISCOVERY PLAN

A.    Initial Disclosures

NYI-2171510v1

The parties anticipate that all the information required by Fed. R. Civ. P. 26(a)(1) will be exchanged on or before January 1, 2005. Defendant Experian has served Plaintiff with its Initial Disclosures.

B.    Written Discovery Requests

The parties propose that written discovery requests to a party may be served at any time after the scheduling conference. All written discovery requests must be served no later than January 15, 2005.

C.    Depositions

The parties propose that they may notice and take depositions at any time after the scheduling conference and up to May 31, 2005.

1.    Defendants List of Persons It Wishes to Depose

Defendants hereby sets forth a list of individuals it may consider deposing during the course of discovery. Defendant reserves the right to change this list as discovery continues.

a.    Helder Peixoto;

b.    Daniel Singleton or other representative of Direct Merchants Bank;

c.    Representative of A. Hohmann & Co, Inc.;

d.    Ilene M. Cox or other representative of US Credit Bureau;

e.    Cynthia McCall or other representative of Filene's;

f.    Alma Hunter or other representative of CBT Aspire;

g.    Tanya Brown or other representative of Fleet Bank; and

h.    Pauline Madayag or other representative of Providian Financial.

D.    Expert Disclosure and Discovery

The parties propose that experts must be designated and reports filed by April 1, 2005. Expert depositions shall be completed by June 31, 2005.

## III.    FILING OF MOTIONS

The parties propose that motions for summary judgment be filed no later than July 31, 2005.

## IV.    PROPOSED CONFERENCES WITH COURT AND FINAL PRE-TRIAL CONFERENCE

The Defendant proposes that the Court schedule a final Pretrial Conference within 45 days of receipt of a decision of any pending dispositive motions, if dispositive motions are filed. Otherwise, the Defendant proposes that the final Pretrial Conference be scheduled as soon as practicable after the close of discovery.

## V.    TRIAL BY MAGISTRATE JUDGE

Defendants do not consent to a trial before a magistrate judge.

## VI.    PENDING MOTIONS

Currently pending before the Court is:

A.    Defendant Craig Smith's Motion to Dismiss Complaint;

B.    Defendant Tom Chapman's Motion to Dismiss Complaint; and

C.    Defendant Harry Gambill's Motion to Dismiss Complaint.

Dated: New York, New York
December 7, 2004

EXPERIAN INFORMATION SOLUTIONS, INC.

_____
Albert J. Rota, Esq., *pro hac vice*
JONES DAY
222 E. 41st Street
New York, New York  10017
Tel: (212) 326-3958
Fax: (212) 755-7306
- and -
Robert S. White (BBO#552229)
Bourgeois, Dresser, White & Beard
4 Dix Street
Worcester, MA 01609
Telephone: 508-798-8801
Fax: 508-754-1943

NYI-2171510v1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, first-class mail, postage prepaid, on this 7th day of December, 2004, to:

Helder Peixoto
161 Webster Avenue
Cambridge, Massachusetts  02141
*Plaintiff Pro Se*

Mardic Marashian
Bonin & Marashian
77 Franklin Street, 4th Floor
Boston, MA  02110

John Friedline, Esq.
Kilpatrick Stockton LLP
1100 Peachtree St., Ste. 2800
Atlanta, GA  30309

Bruce S. Luckman, Esq.
Satzberg, Trichon, Kogan & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA  19103

David B. Wilson, Esq.
Robinson & Cole LLP
One Boston Place
Boston, MA  02108

Albert J. Rota

**Exhibit B**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Helder Peixoto,

      **Plaintiff**

      v.

                                              <u>Civil Action No 04-10435-NMG</u>

Equifax Information Solutions, Inc.,
      **Defendant**

## NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held in Courtroom No. __3__ on the __3rd__ floor at __3:00 p.m.__ on Thursday, December 9, 2004 , in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date. Counsel are directed to the Court's Standing Orders re: Electronic Case Filing.

November 10, 2004 _____                         Nathaniel M. Gorton, United States District Judge
                                              /s/ Craig J. Nicewicz, Deputy Clerk
                                          By:_____

---

[1] These sections of Local Rule 16.1 provide:

    (B) <u>Obligation of counsel to confer.</u> Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty one (21) days before the date for the scheduling conference for the purpose of:

        (1) preparing an agenda of matters to be discussed at the scheduling conference,

        (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

        (3) considering whether they will consent to trial by magistrate judge.

    (C) <u>Settlement proposals.</u> Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

    (D) <u>Joint statement.</u> Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

        (1) a joint discovery plan scheduling the time and length for all discovery events, that shall

            (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

            (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

        (2) a proposed schedule for the filing of motions; and

        (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

            (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

            (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

    To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

(schedcnf.wpd - 12/00)                                               [ntchrgcnf. schedcnfddl.]

**Exhibit C**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HELDER PEIXOTO,<br>                    Plaintiff, | )<br>)<br>) |  |
| vs. | )<br>) | Case No. 04-CV-10435 |
| EQUIFAX CREDIT<br>REPORTING AGENCY, et al.,<br>                    Defendants. | )<br>)<br>)<br>) | (consolidated with 04-CV-10437-NMG) |

## AFFIDAVIT OF LEE M. HOLLAND, ESQ.

Under the pains and penalties of perjury, I, Lee M. Holland, hereby depose and state as follows:

1.    I am over 18 years old, and licensed and admitted to practice before the state and federal trial courts in Massachusetts.

2.    I have filed an appearance in the above-captioned matter as, and am, local counsel to Defendant Equifax Credit Reporting Agency and Defendant Tom Chapman (collectively "Defendant Equifax").

3.    On behalf of Defendant Equifax I appeared on December 9, 2004, at or after 3:00 p.m., before the Honorable Judge Nathaniel M. Gorton, pursuant to notice, for a Scheduling Conference conducted in the above-captioned matter (the "Scheduling Conference").

4.    Without any advance notice, warning or excuse to the Court or any of the parties, the Plaintiff, Helder Peixoto ("Plaintiff"), failed to appear at the Scheduling Conference.

5.    During the Scheduling Conference, the Court instructed the defendants to issue a letter to Plaintiff admonishing him for his failure to attend the Scheduling Conference, and demanding a written explanation for same.

6.    On information and belief, Defendant Experian sent Plaintiff a letter on December 10, 2004 stating that "Judge Gorton instructed Defendants to inform you that he was disappointed in your failure to appear at the conference without previously contacting the Court and has requested, under the possibility of dismissing your action, that you provide him with a written explanation regarding your failure to appear."

7.    On Friday, March 18, 2005, I contacted Mr. Mark Barrette, Docket Clerk to the Honorable Judge Nathaniel M. Gorton. I subsequently confirmed that Plaintiff had failed to submit such written explanation to the Court. No such letter has been docketed in the above-captioned matter.

8.    On Monday, March 7, 2005, on behalf of Defendant Equifax, I wrote to the Plaintiff to demand Plaintiff's responses to outstanding discovery that had been served by Defendant Equifax on December 20, 2004. Pursuant to the Scheduling Order in this matter, Plaintiff's responses were due no later than February 28, 2005. As of today, March 18, 2005, no responses have been received by Defendant Equifax.

9.    On Monday, March 14, 2005, Plaintiff contacted me by telephone in response to my March 7 letter and represented that he had previously served his responses to the outstanding discovery. Plaintiff further represented that an error in the service address may explain the failure in service. Accepting in good faith as true Plaintiff's representations regarding the service of the outstanding discovery, I requested that Plaintiff re-serve by mail and by fax to my attention his responses to the outstanding discovery. Plaintiff agreed to do so.

10.    By Wednesday, March 16, 2005, I had not received the Plaintiff's promised fax. Accordingly, I again called Plaintiff. I failed to reach him but left a voice message for him to return my call.

2

11.    In addition, on March 16, 2005 I again wrote to Plaintiff regarding the outstanding discovery.  I encouraged Plaintiff to keep his promise to serve his outstanding discovery by fax, and reminded Plaintiff of Defendant Equifax's intentions to file a motion to dismiss for failure to prosecute in the event Plaintiff were to fail to so serve his responses by the close of business on Friday, March 18, 2005.

12.    As of close of business on Friday, March 18, 2005, Defendant Equifax has not received from Plaintiff responses to its discovery.   In particular, Plaintiff has failed to keep his promise to fax any such purported responses to my attention.

Signed under the pains and penalties of perjury:

Lee M. Holland, Esq., BBO # 650617

Certificate of Service

I, Lee M. Holland, counsel for the Defendant Equifax, hereby certify that on March 21, 2005 I served a copy of the within Affidavit by including same as part of Defendant Equifax's Motion and Memorandum.

Lee M. Holland

3

**Exhibit D**

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

Direct Number: (212) 326-3958
ajrota@jonesday.com

JP000838
026123-050863                    December 10, 2004

**VIA CERTIFIED MAIL**

Helder Peixoto
161 Webster Avenue
Cambridge, MA  02141

Re:    Peixoto v. Experian Information Solutions, Inc., et. al.

Dear Mr. Peixoto:

Pursuant to the Court's November 10, 2004 notice and our December 6, 2004 conversation, the Scheduling Conference in the above-referenced action took place yesterday, December 9, 2004 without you. Judge Gorton instructed Defendants, as officers of the Court, to notify you that you will receive a copy of the scheduling order that will be entered as a result of that conference. In addition, Judge Gorton instructed Defendants to inform you that he was disappointed in your failure to appear at the conference without previously contacting the Court and has requested, under the possibility of dismissing your action, that you provide him with a written explanation regarding your failure to appear.

Sincerely,

*albert J Rota*

Albert J. Rota

cc: All Counsel of Record (via email)

NYI-2172532v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**Exhibit E**

LEAD

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:04-cv-10435-NMG

Peixoto v. Equifax Credit Reporting Agency
Assigned to: Judge Nathaniel M. Gorton
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 02/27/2004
Jury Demand: Plaintiff
Nature of Suit: 371 Truth in Lending
Jurisdiction: Federal Question

**Plaintiff**

**Helder Peixoto**                    represented by **Helder Peixoto**
                                       161 Webster Ave.
                                       Cambridge, MA 02141
                                       617-547-0327
                                       PRO SE

**V.**

**Consolidated Defendant**

**Experian Information Solutions, Inc.**    represented by **Albert J. Rota**
                                            Jones Day
                                            222 East 41st Street
                                            New York, NY 10017-6702
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Nathan J. Zolik**
                                            Jones Day
                                            222 East 41st Street
                                            New York, NY 10017
                                            212-326-3939
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Robert S. White**
                                            Bourgeois, Dresser & White
                                            Four Dix Street
                                            Worcester, MA 01609
                                            508-798-8801
                                            Fax: 508-754-1943
                                            Email: ROBBW@BDWLAW.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Consolidated Defendant**

**Craig Smith**                       represented by **Robert S. White**

*CEO of Experian*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Consolidated Defendant**

**Trans Union, LLC**                    represented by  **Bruce S. Luckman**
Satzberg, Trichon, Kogan &
Wertheimer, P.C.
1818 Market Street
30th Floor
Philadelphia, PA 19103-3699
215-575-7600
Fax: 215-575-7640
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mardic A. Marashian**
Bonin & Marashian
77 Franklin Street
Boston, MA 02110
617-723-2525
Fax: 617-723-3163
Email: mardic@boninmarashian.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy P. Creech**
Satzberg, Trichon, Kogan &
Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA 19103-3699
215-575-7600
Fax: 215-575-7640
Email: tcreech@mstkw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Consolidated Defendant**

**Harry Gambill**
*CEO of Trans Union LLC*

**Defendant**

**Equifax Credit Reporting Agency**        represented by  **David Bliss Wilson**
Robinson & Cole, LLP
One Boston Place
25th Floor
Boston, MA 02108-4404
617-557-5935
Fax: 617-557-5999
Email: DWilson@rc.com

*ATTORNEY TO BE NOTICED*

**Lee M. Holland**
Robinson & Cole
One Boston Place
Boston, MA 02108-4404
617-406-4500
Email: lholland@rc.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tom Chapman**                    represented by **David Bliss Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lee M. Holland**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/27/2004 | 1 | MOTION for Leave to Proceed in forma pauperis by Helder Peixoto. (Jenness, Susan) (Entered: 03/04/2004) |
| 02/27/2004 | 2 | COMPLAINT against Equifax Credit Reporting Agency, filed by Helder Peixoto.(Jenness, Susan) (Entered: 03/04/2004) |
| 02/27/2004 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Cohen. (Jenness, Susan) (Entered: 03/04/2004) |
| 03/04/2004 | | Case undergoing preliminary screening (Jenness, Susan) (Entered: 03/04/2004) |
| 03/30/2004 | 3 | Judge Joseph L. Tauro : ORDER entered granting 1 Motion for Leave to Proceed in forma pauperis. The Clerk shall return the complaint to the undersigned for screening on the merits pursuant to 28 U.S.C. Section 1915(e)(2) and summonses shall NOT issue pending the completion of screening on the merits.(Lanier, Marjorie) (Entered: 04/01/2004) |
| 04/01/2004 | | Copy of IFP Order mailed to plaintiff via us mail (Jenness, Susan) (Entered: 04/01/2004) |
| 04/14/2004 | 4 | Judge Joseph L. Tauro : ORDER entered. The Clerk shall issue summonses and the United States Marshal shall serve a copy of the complaint, summons and this order upon defendant(s) as directed by the plaintiff with all costs of service to be advanced by the United States. (Weissman, Linn) (Entered: 04/21/2004) |
| 04/21/2004 | | Summons Issued as to Tom Chapman and Equifax Credit Reporting Agency. (Weissman, Linn) (Entered: 04/21/2004) |

| 05/25/2004 | 5 | Judge Joseph L. Tauro : rule 26 discovery ORDER entered (Lovett, Zita) (Entered: 05/25/2004) |
|---|---|---|
| 05/25/2004 | 6 | NOTICE of Scheduling Conference Scheduling Conference set for 6/22/2004 10:45 AM in Courtroom 20 before Judge Joseph L. Tauro. (Lovett, Zita) (Entered: 05/25/2004) |
| 06/04/2004 | 7 | ANSWER to Complaint by Equifax Credit Reporting Agency.(Wilson, David) (Entered: 06/04/2004) |
| 06/04/2004 | 8 | MOTION to Dismiss by Tom Chapman.(Wilson, David) (Entered: 06/04/2004) |
| 06/04/2004 | 9 | CORPORATE DISCLOSURE STATEMENT by Equifax Credit Reporting Agency. (Wilson, David) (Entered: 06/04/2004) |
| 06/17/2004 | 11 | US Marshal Process Receipt and Return for Summons and Complaint. Equifax Information Services served Delivered on May 11, 2004 (Abaid, Kim) (Entered: 06/21/2004) |
| 06/17/2004 | 12 | US Marshal Process Receipt and Return for Summons and Complaint. Tom Chapman served Delivered on May 11, 2004. (Abaid, Kim) (Entered: 06/21/2004) |
| 06/18/2004 | 10 | Notice Resetting or Cancelling Hearing. Hearing rescheduled or cancelled: 6/22/2004 to: 9/9/2004 at 10:15 a.m. (Lovett, Zita) (Entered: 06/18/2004) |
| 06/24/2004 | 13 | MOTION to Consolidate Cases by Equifax Credit Reporting Agency. (Abaid, Kim) (Entered: 06/25/2004) |
| 06/24/2004 | 14 | MEMORANDUM in Support re 13 MOTION to Consolidate Cases filed by Equifax Credit Reporting Agency. (Abaid, Kim) (Entered: 06/25/2004) |
| 07/13/2004 | | Judge Joseph L. Tauro : Electronic ORDER entered granting 13 Motion to Consolidate Cases (Abaid, Kim) (Entered: 07/14/2004) |
| 07/13/2004 | 15 | Notice of Reassignment. Judge Nathaniel M. Gorton added. Judge Joseph L. Tauro no longer assigned to case. Counsel are directed to the Court's Standing Orders re: Electronic Case Filing. (Abaid, Kim) (Entered: 07/14/2004) |
| 09/01/2004 | 16 | MOTION to Dismiss by Harry Gambill.(Smith3, Dianne) (Entered: 09/02/2004) |
| 09/02/2004 | 17 | MEMORANDUM in Support re 16 MOTION to Dismiss filed by Harry Gambill. (Smith3, Dianne) (Entered: 09/02/2004) |
| 11/10/2004 | 18 | NOTICE of Scheduling Conference Scheduling Conference set for 12/9/2004 03:00 PM in Courtroom 4 before Judge Nathaniel M. Gorton. (Nicewicz, Craig) (Entered: 11/10/2004) |
| 12/08/2004 | 19 | Proposed Document(s) submitted by Experian Information Solutions, Inc. Document received: Conference of the Parties Report. (Barrette, |

| | | Mark) (Entered: 12/09/2004) |
|---|---|---|
| 12/09/2004 | 20 | NOTICE of Appearance by Lee M. Holland on behalf of Tom Chapman, Equifax Credit Reporting Agency (Holland, Lee) (Entered: 12/09/2004) |
| 12/09/2004 | 21 | CERTIFICATE OF CONSULTATION *pursuant to Rule 16.1(D)(3)* by Lee M. Holland on behalf of Tom Chapman, Equifax Credit Reporting Agency. (Holland, Lee) (Entered: 12/09/2004) |
| 12/09/2004 | 22 | CERTIFICATE OF CONSULTATION *Pursuant to Rule 16.1(D)(3)* by Lee M. Holland on behalf of Tom Chapman, Equifax Credit Reporting Agency. (Holland, Lee) (Entered: 12/09/2004) |
| 12/09/2004 | | Electronic Clerk's Notes for proceedings held before Judge Nathaniel M. Gorton : Scheduling Conference held on 12/9/2004. Automatic discovery 12/31/04, amendments/supplements 1/31/05, written discovery requests 1/31/05, responses 2/28/05, non expert depositions 5/31/05, expert designation 4/30/05, expert depositions 6/30/05, dispositive motions by 7/31/05, responses by 8/31/05. Pretrial conference 10/12/05 3:00 p.m., jury trial 12/5/05 9:00 a.m. (Court Reporter None.) (Nicewicz, Craig) (Entered: 12/09/2004) |
| 12/09/2004 | 23 | CERTIFICATE OF CONSULTATION Rule 16.1(D) by Trans Union, LLC. (Barrette, Mark) (Entered: 12/16/2004) |
| 12/13/2004 | | Judge Nathaniel M. Gorton : Electronic ORDER entered granting 8 Motion to Dismiss, motion to dismiss complaint against Chapman is allowed., granting 16 Motion to Dismiss (Nicewicz, Craig) (Entered: 12/13/2004) |
| 12/28/2004 | 24 | Judge Nathaniel M. Gorton : ORDER entered SCHEDULING ORDER: Final Pretrial Conference set for 10/12/2005 03:00 PM in Courtroom 4 before Judge Nathaniel M. Gorton. Jury Trial set for 12/5/2005 09:00 AM in Courtroom 4 before Judge Nathaniel M. Gorton. See order for further details.(Nicewicz, Craig) (Entered: 12/28/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/21/2005 09:15:45 | | |
| PACER Login: rc0043 | Client Code: | |
| Description: Docket Report | Search Criteria: | 1:04-cv-10435-NMG |
| Billable Pages: 3 | Cost: | 0.24 |

**Exhibit F**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Helder Peixoto,
        Plaintiff(s)

                                    CIVIL ACTION
        V.                          NO. 04-10435-NMG
Experien Information Solutions, Inc.,
        Defendant(s)

### SCHEDULING ORDER

GORTON, D.J.

    This order is intended primarily to aid and assist counsel in
scheduling and planning the preparation and presentation of cases,
thereby insuring the effective, speedy and fair disposition of
cases either by settlement or trial.

    The above-entitled action having been filed on 2/27/04   , it
is hereby ORDERED pursuant to Rule 16(b) of the Federal Rules of
Civil Procedure and Local Rule 16.1(F), that:

(1)    automatic discovery 12/31/04 amendments and/or
       supplements to the pleadings may be filed by
       1/31/05 subject to the provisions of the
       Federal Rules of Civil Procedure;

(2)    written discovery requests are to be filed by
       1/31/05 and answers are to be filed by 2/28/05

(3)    all expert depositions are to be completed by 6/30/05
       all non expert depositions 5/31/05

(4)    all trial experts by plaintiff are to be
       designated and disclosure of information
       contemplated by FRCP, Rule 26(a)(2) by 4/30/05
        trial experts and designated and disclosure
       of information by defendant by 4/30/05

(5)    all dispositive motions, including motions for
       summary judgment, are to be filed by 7/31/05
       and responses are to be filed fourteen (14)
       days thereafter pursuant to Local Rule 7.1;

(6)    motions for summary judgment are to be filed
       7/31/05 [after completion of the necessary
       discovery] and responses 8/31/05

(7)    discovery is to be completed by 6/30/05   ,
       unless shortened or enlarged by Order of this

Court.

(8)   Case to go to be referred to mediation _____.

(9)   a final pretrial conference will be held on
      __10/12/05  at  3:00  p.m.__ to be notified by
      court,  and must be attended by trial counsel.
      Counsel shall be prepared to commence trial as
      of 12/5/05 at 9:00 a.m.


        All provisions and deadlines contained in this order
having been established with the participation of the parties to
this case, any requests for modification must be presented to the
judge  or  magistrate  judge,  if  referred  for  case  management
proceedings.  Any requests for extension will be granted only for
good  cause  shown  supported  by  affidavits,  other  evidentiary
materials, or reference to pertenent portions of the record.  The
request shall be made by motion and shall contain the reasons for
the request, a summary of the discovery which remains to be taken,
and a date certain when the requesting party will complete the
additional discovery, join other parties, amend the pleadings or
file motions.  The Court may then enter a final scheduling order,
if necessary.


        Counsel are encouraged to seek an early resolution of this
matter.  Additional case management conferences may be scheduled by
the court or upon the request of counsel, if the Court can be of
assistance in resolving preliminary issues or in settlement.


                              By the Court,


                              /s/ Craig J. Nicewicz
                              _____
                              Deputy Clerk

**Exhibit G**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HELDER PEIXOTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION FILE |
| | )    NO. 04-CV-10435 (NMG) |
| EQUIFAX CREDIT INFORMATION | ) |
| SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT'S FIRST SET OF
## <u>INTERROGATORIES TO PLAINTIFF</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Equifax

Information Services LLC hereby serves upon plaintiff Helder Peixoto, the following

interrogatories, which must be answered by plaintiff separately and fully in writing, under oath,

within thirty (30) days after service.

## **DEFINITIONS**

The following definitions shall apply to these interrogatories:

1.      The word "document" or "documents" includes any writing and any other

medium, including but not limited to electronic or magnetic devices, by which information is

transmitted or recorded.

2.      The word "person" means any natural or artificial person, including business

entities and other legal entities.

845575

3.    The word "Equifax" refers to defendant Equifax and any of its officers, directors, agents, or representatives, present or past.

4.    The words "plaintiff," "you" or "your" refer to the persons named above to whom these interrogatories are directed and any of plaintiff's agents, representatives, or anyone else acting, or who has acted, on behalf of plaintiff.

5.    The word "Complaint" refers to your petition for damages, and any supplement or amendment thereto.

6.    The term "credit report" refers to the report or reports on your credit history compiled or issued by Equifax or another credit reporting agency.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify, including name, address, and telephone number, all persons who have personal knowledge of any of the facts, events, or matters alleged in your Complaint, and describe generally the matters on which the persons named have knowledge.

**Interrogatory No. 2:**

State your full name, any nicknames, derivatives or abbreviations of your full name, or other names, including any aliases, that you have used and the instances or periods during which each name was used; Social Security numbers (and, if more than one, state when each Social Security number was obtained and used); and every address you have had for the past five (5) years, including the date you resided at each address; if you are or ever have been married, state the name of your spouse or spouses.

**Interrogatory No. 3:**

Describe your work history, including your present occupation and business address, and each job and business address you have had during the past five (5) years, including the dates you had each job.

**Interrogatory No. 4:**

Identify and describe every contact or communication you have had with Equifax from 2002 to the present. For each such contact or communication, state whether the communication was written or oral and identify the date, circumstances, and individuals involved, and identify any documents that refer or relate to any such contacts or communications.

**Interrogatory No. 5:**

Describe all damages which you contend you suffered as a result of Equifax's actions alleged in the Complaint, including the nature of each item of damages, the amount of each item of damages, the date each item of damages occurred, how each item of damages was computed, and all facts which form the basis of your contention that Equifax caused the item of damages. Identify all documents evidencing, referring or relating to the foregoing and the custodian and location of each such document. Be specific as to your claims, if any, for damage to your reputation.

**Interrogatory No. 6:**

Describe any and all physical manifestations and any medical treatment, if any, received as a result of your suffering from damages. Identify all persons having knowledge of your

injuries, all documents evidencing, referring or relating thereto and the custodian and location of each such document.

**Interrogatory No. 7:**

Identify and describe any and all attempts, whether successful or not, to obtain credit since January, 2002. If you were denied credit, state specifically all reasons given for such denial.

**Interrogatory No. 8:**

Identify and describe any and all attempts, whether successful or not, to obtain employment since January, 2002. If you were denied employment, state specifically all reasons given for such denial.

**Interrogatory No. 9:**

Do you contend that you or your agents or attorneys, from January, 2002 to the date you filed suit, notified Equifax orally or in writing that your consumer report or file contained an inaccuracy, error or incorrect information? If yes, answer the following:

(a)     describe in detail the nature of the alleged inaccuracy, error or incorrect information;

(b)     state the date and method of such notification;

(c)     identify the person who communicated such notification and the Equifax employee to whom the notification was made; and

(d)    identify all documents which refer to facts or information provided in your answers to subparts (a)-(c) above, including all documents which demonstrate or establish that the alleged information was/is inaccurate.

**Interrogatory No. 10:**

Identify and provide the full names, including any middle initials, prefixes and suffixes, addresses, social security numbers and birth dates of any person you believe was/is responsible for the inaccurate debts referred to in your Complaint.

**Interrogatory No. 11:**

List all accounts, including account number and dates of appearance, which you allege are not accurate, or do not belong to you, and were incorrectly placed on your Equifax credit file.

**Interrogatory No. 12:**

Set forth all the facts that support the allegations in your Complaint, if any, that the damages suffered by the plaintiff were directly and proximately caused by the willful, wanton, and malicious actions of Equifax.

**Interrogatory No. 13:**

Identify all communications sent to or received from any creditor with whom you have a dispute regarding the appearance of that creditor's information on your Equifax credit file.

**Interrogatory No. 14:**

Describe the facts, including identification of specific dates and supporting documentation, surrounding your allegations that Equifax provided you with incomplete disclosures.

**Interrogatory No. 15:**

Describe the facts, including identification of dates and supporting documentation, surrounding your allegations that Equifax provided your report to a third party without a permissible purpose.

**Interrogatory No. 16:**

Describe the facts, including identification of dates and supporting documentation, surrounding your allegations that Equifax conducted an improper investigation.

**Interrogatory No. 17:**

Describe the facts, including identification of dates and supporting documentation, surrounding your allegations that Equifax made an erroneous publication.

**Equifax Credit Information Services**
by its attorneys,

*David B. Wilson*

David B. Wilson, Esq., BBO #548359
Lee M. Holland, Esq., BBO #650617
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108-4404
Tel 617-557-5900

John J. Friedline, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Dated: December 20 , 2004

## CERTIFICATE OF SERVICE

I hereby certify that on December _20_ , 2004, a true and correct copy of the foregoing document was served on the parties to this action by first class mail, addressed as follows:

Helder Peixoto
161 Webster Ave.
Cambridge, MA  02141

Albert Rota
Jones Day
222 East 41st St.
New York, NY  10017

Timothy Creech
Satzberg Trichon Kogan & Wertheimer
1818 Market Street, 30th Floor
Philadelphia, PA  19103

Signed under the penalties of perjury on December _20_ , 2004.

David B. Wilson
David B. Wilson



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

HELDER PEIXOTO,                    )
                                   )
          Plaintiff,            )
                                   )
v.                                 )     CIVIL ACTION FILE
                                   )     NO.: 04-CV-10435 (NMG)
EQUIFAX CREDIT INFORMATION         )
SERVICES, et al.,                  )
                                   )
          Defendants.           )
_____     )

## DEFENDANT'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Equifax Information Services LLC hereby serves upon plaintiff Helder Peixoto the following requests for production of documents. Defendant requests that plaintiff produce the documents designated below for inspection and copying at the offices of David Wilson, ROBINSON & COLE LLP, One Boston Place, Boston, MA, 02108-4404, within thirty (30) days after service.

## DEFINITIONS

The following definitions shall apply to these requests for production of documents:

1.      The word "document" or "documents" includes any writing and any other medium, including but not limited to electronic or magnetic devices, by which information is transmitted or recorded.

845576

2.      The word "person" means any natural or artificial person, including business entities and other legal entities.

3.      The word "Equifax" refers to defendant Equifax and any of its officers, directors, agents, or representatives, present or past.

4.      The words "plaintiff," "you" or "your" refer to the person named above to whom these interrogatories are directed and any of plaintiff's agents, representatives, or anyone else acting, or who has acted, on behalf of plaintiff.

5.      The word "Complaint" refers to your petition for damages, and any supplement or amendment thereto.

6.      The term "credit report" refers to the report or reports on your credit history compiled or issued by Equifax or another credit reporting agency.

## DOCUMENTS TO BE PRODUCED

The following documents are to be produced:

### Request No. 1:

All documents identified in response to Equifax's First Set of Interrogatories to Plaintiff, served contemporaneously herewith.

### Request No. 2:

All of your credit reports received from any credit reporting agency, any credit grantor or by any other means since January 1, 2002.

### Request No. 3:

All correspondence between you and any credit reporting agency since January 1, 2002.

**Request No. 4:**

All notes and memoranda of meetings and telephone conversations between you and any credit reporting agency since January 1, 2002.

**Request No. 5:**

The original of all handwritten notes, or copies of computer notes, made by you that relate to the issues raised in the pleadings.

**Request No. 6:**

All documents that you furnished to or received from any credit reporting agency since January 1, 2002.

**Request No. 7:**

All documents that relate to the allegations in your Complaint.

**Request No. 8:**

All documents that you submitted to or received from any credit grantor, including, but not limited to, any documents, correspondence, applications, credit reports, approval letters, denial letters, etc., relating to your request for credit, or requests for additional credit from any credit grantor from January 1, 2002, through the present.

**Request No. 9:**

All documents evidencing, referring or relating in any way to the amount of actual monetary loss you suffered as a result of the compilation and furnishing of your credit report by Equifax.

**Request No. 10:**

All writings, drawings, graphs, documents, memoranda, recordings, photographs, charts, medical, hospital and health care records, reports of physical examination, x-rays, x-ray reports, notes on attendance and treatment, evaluations, progress notes, correspondence, and diagnostic tests regarding treatment you received as a result of Equifax's alleged conduct.

**Request No. 11:**

All documents upon which you intend to rely to establish your claim for damages.

**Request No. 12:**

All tax returns that you filed for the years 2001 through present.

**Request No. 13:**

A true and correct copy of every Social Security card, driver's license, voter registration card, passport, credit card or charge card that has been issued or used by you in the five (5) years prior to the filing of the Complaint in this action.

**Request No. 14:**

All documents that refer or relate to your allegations that Equifax's actions were willful, wanton, and malicious.

**Request No. 15:**

All documents sent to or received from any creditor with whom you have a dispute regarding the appearance of that creditor's information on your Equifax credit file.

**Request No. 16:**

All documents relating to communications with third parties regarding the accounts at issue in this matter, including communications with parties considered to be responsible for the accounts.

**Equifax Credit Information Services**
by its attorneys,

_David B. Wilson_

David B. Wilson, Esq., BBO #548359
Lee M. Holland, Esq., BBO #650617
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108-4404
Tel 617-557-5900

John J. Friedline, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Dated: December 20 , 2004

## CERTIFICATE OF SERVICE

I hereby certify that on December _20_ , 2004, a true and correct copy of the foregoing document was served on the parties to this action by first class mail, addressed as follows:

Helder Peixoto
161 Webster Ave.
Cambridge, MA  02141

Albert Rota
Jones Day
222 East 41st St.
New York, NY  10017

Timothy Creech
Satzberg Trichon Kogan & Wertheimer
1818 Market Street, 30th Floor
Philadelphia, PA  19103

Signed under the penalties of perjury on December _20_ , 2004.

David B. Wilson
_____
David B. Wilson

**Exhibit H**

# ROBINSON & COLE LLP

LEE M. HOLLAND

One Boston Place
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
lholland@rc.com
Direct (617) 557-5931

Also admitted in New Hampshire

March 7, 2005

Helder Peixoto
161 Webster Ave.
Cambridge, MA  02141

Re:  **Peixoto v. Equifax, Civil Action No. 04-CV-10435 (NMG)**

Dear Mr. Peixoto:

As you know, this office represents Defendant Equifax in the above matter. Defendant Equifax served its First Set of Interrogatories and its First Request for Production of Documents on December 20, 2004.  Your response to same was required within thirty (30) days.  To date, however, you have neither responded nor contacted this office for an extension of time.

For your convenience, I have enclosed the Scheduling Order as well as duplicate copies of Defendant Equifax's written discovery.  The Scheduling Order states that written discovery requests are to be filed by January 31, 2005 and that answers are to be filed by February 28, 2005.  ***Please be advised that unless we hear from you or receive your responses by Friday, March 18, 2005, we shall move to dismiss this matter for failure to prosecute.***

My contact information is above.  Do not hesitate to call if you have any questions.

Yours very truly,

Lee M. Holland

LMH

Enclosures

cc:  David B. Wilson

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

SARASOTA

*www.rc.com*    BOST1-851872-1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Helder Peixoto,
        Plaintiff(s)

                                    CIVIL ACTION
        V.                          NO. 04-10435-NMG
Experien Information Solutions, Inc.,
        Defendant(s)

<u>SCHEDULING ORDER</u>

<u>GORTON, D.J.</u>

    This order is intended primarily to aid and assist counsel in scheduling and planning the preparation and presentation of cases, thereby insuring the effective, speedy and fair disposition of cases either by settlement or trial.

    The above-entitled action having been filed on 2/27/04 , it is hereby ORDERED pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), that:

(1) automatic discovery 12/31/04 amendments and/or supplements to the pleadings may be filed by 1/31/05 subject to the provisions of the Federal Rules of Civil Procedure;

(2) written discovery requests are to be filed by 1/31/05 and answers are to be filed by 2/28/05

(3) all expert depositions are to be completed by 6/30/05 all non expert depositions 5/31/05

(4) all trial experts by plaintiff are to be designated and disclosure of information contemplated by FRCP, Rule 26(a)(2) by 4/30/05 trial experts and designated and disclosure of information by defendant by 4/30/05

(5) all dispositive motions, including motions for summary judgment, are to be filed by 7/31/05 and responses are to be filed fourteen (14) days thereafter pursuant to Local Rule 7.1;

(6) motions for summary judgment are to be filed 7/31/05 [after completion of the necessary discovery] and responses 8/31/05

(7) discovery is to be completed by 6/30/05 , unless shortened or enlarged by Order of this

Court.

(8)   Case to go to be referred to mediation _____.

(9)   a final pretrial conference will be held on __10/12/05 at 3:00 p.m.__ to be notified by court, and must be attended by trial counsel. Counsel shall be prepared to commence trial as of __12/5/05 at 9:00 a.m.__

All provisions and deadlines contained in this order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings. Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertenent portions of the record. The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery, join other parties, amend the pleadings or file motions. The Court may then enter a final scheduling order, if necessary.

Counsel are encouraged to seek an early resolution of this matter. Additional case management conferences may be scheduled by the court or upon the request of counsel, if the Court can be of assistance in resolving preliminary issues or in settlement.

By the Court,

/s/ Craig J. Nicewicz

_____
Deputy Clerk



**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

HELDER PEIXOTO,      )
          )
     Plaintiff,    )
          )
v.            )    CIVIL ACTION FILE
          )     NO. 04-CV-10435 (NMG)
EQUIFAX CREDIT INFORMATION   )
SERVICES, et al.,      )
          )
     Defendants.   )
————————————————— )

**DEFENDANT'S FIRST SET OF**
**INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Equifax

Information Services LLC hereby serves upon plaintiff Helder Peixoto, the following

interrogatories, which must be answered by plaintiff separately and fully in writing, under oath,

within thirty (30) days after service.

**DEFINITIONS**

The following definitions shall apply to these interrogatories:

1.   The word "document" or "documents" includes any writing and any other

medium, including but not limited to electronic or magnetic devices, by which information is

transmitted or recorded.

2.   The word "person" means any natural or artificial person, including business

entities and other legal entities.

845575

3.    The word "Equifax" refers to defendant Equifax and any of its officers, directors, agents, or representatives, present or past.

4.    The words "plaintiff," "you" or "your" refer to the persons named above to whom these interrogatories are directed and any of plaintiff's agents, representatives, or anyone else acting, or who has acted, on behalf of plaintiff.

5.    The word "Complaint" refers to your petition for damages, and any supplement or amendment thereto.

6.    The term "credit report" refers to the report or reports on your credit history compiled or issued by Equifax or another credit reporting agency.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify, including name, address, and telephone number, all persons who have personal knowledge of any of the facts, events, or matters alleged in your Complaint, and describe generally the matters on which the persons named have knowledge.

**Interrogatory No. 2:**

State your full name, any nicknames, derivatives or abbreviations of your full name, or other names, including any aliases, that you have used and the instances or periods during which each name was used; Social Security numbers (and, if more than one, state when each Social Security number was obtained and used); and every address you have had for the past five (5) years, including the date you resided at each address; if you are or ever have been married, state the name of your spouse or spouses.

**Interrogatory No. 3:**

Describe your work history, including your present occupation and business address, and each job and business address you have had during the past five (5) years, including the dates you had each job.

**Interrogatory No. 4:**

Identify and describe every contact or communication you have had with Equifax from 2002 to the present. For each such contact or communication, state whether the communication was written or oral and identify the date, circumstances, and individuals involved, and identify any documents that refer or relate to any such contacts or communications.

**Interrogatory No. 5:**

Describe all damages which you contend you suffered as a result of Equifax's actions alleged in the Complaint, including the nature of each item of damages, the amount of each item of damages, the date each item of damages occurred, how each item of damages was computed, and all facts which form the basis of your contention that Equifax caused the item of damages. Identify all documents evidencing, referring or relating to the foregoing and the custodian and location of each such document. Be specific as to your claims, if any, for damage to your reputation.

**Interrogatory No. 6:**

Describe any and all physical manifestations and any medical treatment, if any, received as a result of your suffering from damages. Identify all persons having knowledge of your

injuries, all documents evidencing, referring or relating thereto and the custodian and location of each such document.

### Interrogatory No. 7:

Identify and describe any and all attempts, whether successful or not, to obtain credit since January, 2002. If you were denied credit, state specifically all reasons given for such denial.

### Interrogatory No. 8:

Identify and describe any and all attempts, whether successful or not, to obtain employment since January, 2002. If you were denied employment, state specifically all reasons given for such denial.

### Interrogatory No. 9:

Do you contend that you or your agents or attorneys, from January, 2002 to the date you filed suit, notified Equifax orally or in writing that your consumer report or file contained an inaccuracy, error or incorrect information? If yes, answer the following:

(a)     describe in detail the nature of the alleged inaccuracy, error or incorrect information;

(b)     state the date and method of such notification;

(c)     identify the person who communicated such notification and the Equifax employee to whom the notification was made; and

(d)     identify all documents which refer to facts or information provided in your answers to subparts (a)-(c) above, including all documents which demonstrate or establish that the alleged information was/is inaccurate.

**Interrogatory No. 10:**

Identify and provide the full names, including any middle initials, prefixes and suffixes, addresses, social security numbers and birth dates of any person you believe was/is responsible for the inaccurate debts referred to in your Complaint.

**Interrogatory No. 11:**

List all accounts, including account number and dates of appearance, which you allege are not accurate, or do not belong to you, and were incorrectly placed on your Equifax credit file.

**Interrogatory No. 12:**

Set forth all the facts that support the allegations in your Complaint, if any, that the damages suffered by the plaintiff were directly and proximately caused by the willful, wanton, and malicious actions of Equifax.

**Interrogatory No. 13:**

Identify all communications sent to or received from any creditor with whom you have a dispute regarding the appearance of that creditor's information on your Equifax credit file.

**Interrogatory No. 14:**

Describe the facts, including identification of specific dates and supporting documentation, surrounding your allegations that Equifax provided you with incomplete disclosures.

**Interrogatory No. 15:**

Describe the facts, including identification of dates and supporting documentation, surrounding your allegations that Equifax provided your report to a third party without a permissible purpose.

**Interrogatory No. 16:**

Describe the facts, including identification of dates and supporting documentation, surrounding your allegations that Equifax conducted an improper investigation.

**Interrogatory No. 17:**

Describe the facts, including identification of dates and supporting documentation, surrounding your allegations that Equifax made an erroneous publication.

**Equifax Credit Information Services**
by its attorneys,

David B. Wilson

David B. Wilson, Esq., BBO #548359
Lee M. Holland, Esq., BBO #650617
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108-4404
Tel 617-557-5900

John J. Friedline, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Dated: December 20, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on December _20_ , 2004, a true and correct copy of the foregoing document was served on the parties to this action by first class mail, addressed as follows:

Helder Peixoto
161 Webster Ave.
Cambridge, MA  02141

Albert Rota
Jones Day
222 East 41st St.
New York, NY  10017

Timothy Creech
Satzberg Trichon Kogan & Wertheimer
1818 Market Street, 30th Floor
Philadelphia, PA  19103

Signed under the penalties of perjury on December _20_ , 2004.

_David B. Wilson_
David B. Wilson



## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

HELDER PEIXOTO,                     )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        CIVIL ACTION FILE
                                    )        NO.: 04-CV-10435 (NMG)
EQUIFAX CREDIT INFORMATION          )
SERVICES, et al.,                   )
                                    )
            Defendants.             )
_____       )

## DEFENDANT'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Equifax

Information Services LLC hereby serves upon plaintiff Helder Peixoto the following requests for

production of documents.  Defendant requests that plaintiff produce the documents designated

below for inspection and copying at the offices of David Wilson, ROBINSON & COLE LLP,

One Boston Place, Boston, MA, 02108-4404, within thirty (30) days after service.

## DEFINITIONS

The following definitions shall apply to these requests for production of documents:

1.      The word "document" or "documents" includes any writing and any other

medium, including but not limited to electronic or magnetic devices, by which information is

transmitted or recorded.

2.    The word "person" means any natural or artificial person, including business entities and other legal entities.

3.    The word "Equifax" refers to defendant Equifax and any of its officers, directors, agents, or representatives, present or past.

4.    The words "plaintiff," "you" or "your" refer to the person named above to whom these interrogatories are directed and any of plaintiff's agents, representatives, or anyone else acting, or who has acted, on behalf of plaintiff.

5.    The word "Complaint" refers to your petition for damages, and any supplement or amendment thereto.

6.    The term "credit report" refers to the report or reports on your credit history compiled or issued by Equifax or another credit reporting agency.

## DOCUMENTS TO BE PRODUCED

The following documents are to be produced:

**Request No. 1:**

All documents identified in response to Equifax's First Set of Interrogatories to Plaintiff, served contemporaneously herewith.

**Request No. 2:**

All of your credit reports received from any credit reporting agency, any credit grantor or by any other means since January 1, 2002.

**Request No. 3:**

All correspondence between you and any credit reporting agency since January 1, 2002.

**Request No. 4:**

All notes and memoranda of meetings and telephone conversations between you and any credit reporting agency since January 1, 2002.

**Request No. 5:**

The original of all handwritten notes, or copies of computer notes, made by you that relate to the issues raised in the pleadings.

**Request No. 6:**

All documents that you furnished to or received from any credit reporting agency since January 1, 2002.

**Request No. 7:**

All documents that relate to the allegations in your Complaint.

**Request No. 8:**

All documents that you submitted to or received from any credit grantor, including, but not limited to, any documents, correspondence, applications, credit reports, approval letters, denial letters, etc., relating to your request for credit, or requests for additional credit from any credit grantor from January 1, 2002, through the present.

**Request No. 9:**

All documents evidencing, referring or relating in any way to the amount of actual monetary loss you suffered as a result of the compilation and furnishing of your credit report by Equifax.

**Request No. 10:**

All writings, drawings, graphs, documents, memoranda, recordings, photographs, charts, medical, hospital and health care records, reports of physical examination, x-rays, x-ray reports, notes on attendance and treatment, evaluations, progress notes, correspondence, and diagnostic tests regarding treatment you received as a result of Equifax's alleged conduct.

**Request No. 11:**

All documents upon which you intend to rely to establish your claim for damages.

**Request No. 12:**

All tax returns that you filed for the years 2001 through present.

**Request No. 13:**

A true and correct copy of every Social Security card, driver's license, voter registration card, passport, credit card or charge card that has been issued or used by you in the five (5) years prior to the filing of the Complaint in this action.

**Request No. 14:**

All documents that refer or relate to your allegations that Equifax's actions were willful, wanton, and malicious.

**Request No. 15:**

All documents sent to or received from any creditor with whom you have a dispute regarding the appearance of that creditor's information on your Equifax credit file.

**Request No. 16:**

All documents relating to communications with third parties regarding the accounts at issue in this matter, including communications with parties considered to be responsible for the accounts.

**Equifax Credit Information Services**
by its attorneys,

David B. Wilson, Esq., BBO #548359
Lee M. Holland, Esq., BBO #650617
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108-4404
Tel 617-557-5900

John J. Friedline, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Dated: December 20 , 2004

## CERTIFICATE OF SERVICE

I hereby certify that on December 20 , 2004, a true and correct copy of the foregoing document was served on the parties to this action by first class mail, addressed as follows:

Helder Peixoto
161 Webster Ave.
Cambridge, MA 02141

Albert Rota
Jones Day
222 East 41st St.
New York, NY 10017

Timothy Creech
Satzberg Trichon Kogan & Wertheimer
1818 Market Street, 30th Floor
Philadelphia, PA 19103

Signed under the penalties of perjury on December 20 , 2004.

David B. Wilson

David B. Wilson

**Exhibit I**

# ROBINSON & COLE LLP

LEE M. HOLLAND

One Boston Place
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
lholland@rc.com
Direct (617) 557-5931

Also admitted in New Hampshire

March 16, 2005

Helder Peixoto
161 Webster Ave.
Cambridge, MA  02141

Re:  **Peixoto v. Equifax, Civil Action No. 04-CV-10435 (NMG)**

Dear Mr. Peixoto:

As you know, this office represents Defendant Equifax in the above matter.  I am sending you this letter to memorialize our recent communications regarding same, and to remind you that *__Equifax will move to dismiss your claims if you fail to provide your outstanding discovery responses by the close of business on Friday, March 18, 2005.__*

As you know, Equifax served you with its discovery on December 20, 2004. Pursuant to the court-issued Scheduling Order in this matter, your responses were due no later than February 28, 2005.  On March 9, 2005, I wrote to you regarding the outstanding discovery.  I provided you with duplicate copies of the Scheduling Order and Equifax's outstanding written discovery requests.  I also informed you that Equifax would move to dismiss your claim if you did not furnish your responses by Friday, March 18, 2005.

You telephoned me on Monday, March 14, 2005 in response to my letter.  During this conversation, you represented to me that you had already served your responses by mail.  While we were on the phone, I confirmed that, to date, this office has not received any such responses to the outstanding discovery.  I asked for you to provide me with copy of your discovery responses by faxing same to my attention at 617-557-5999.  You agreed to do so, but, to date, I have not received the promised fax.

*__I trust that you will comply with the Friday, March 18, 2005 deadline.  Otherwise, Equifax will prepare and file a motion to dismiss your claims in this matter. Equifax will request that the court award it its legal fees associated with this matter.__*



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

SARASOTA

*www.rc.com*    BOST1-852747-1

# ROBINSON & COLE LLP

Helder Peixoto
March 16, 2005
Page 2

If you have any questions or concerns, I strongly encourage you to contact me immediately at 617-557-5931.

Yours very truly,

Lee M. Holland

LMH

cc:    David B. Wilson

