UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN SECTION

HELDER PEIXOTO,

        Plaintiff,

v.

EQUIFAX, TOM CHAPMAN.,

        Defendants.

Case No. 04-CV-10435 (NMG)

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO DISMISS FOR WANT OF PROSECUTION**

    Defendant Experian Information Solutions, Inc. ("Experian") hereby moves this Court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for an order dismissing <u>with prejudice</u> the claims of Plaintiff Helder Peixoto ("Plaintiff") for failure to prosecute.  In support thereof, Experian relies upon this Motion, the Affirmation of Robert S. White and the exhibits attached thereto, the description of the law and facts contained herein; and the legal authority described in the Memorandum of Law in Support of Defendant Equifax Credit Reporting Agency's Motion to Dismiss for Failure to Prosecute Claim, filed on March 21, 2005.

    Rule 41(b) permits a district court to dismiss a claim with prejudice "for failure of the plaintiff to prosecute or to comply with these rules or any order of court."  F.R.C.P. 41(b). Although dismissal may be an extreme measure, "courts must be given considerable leeway in exercising their admitted authority to punish laggardly or noncompliant litigants."  <u>Chamorro v. Puerto Rican Cars, Inc.</u>, 304 F.3d 1, 4 (1st Cir. 2002).  Extreme conduct justifying a dismissal "ranges from protracted footdragging to defiance of court orders to ignoring warnings to other aggravating circumstances" considered in the aggregate.  <u>Id.</u> at 4-5 (dismissing plaintiff's claim for failure to prosecute action for a year, disobeying and ignoring court orders, and ignoring warnings of possible dismissal); *Figueroa Ruiz v. Algeria*, 896 F.2d 645, 648-50 (1st Cir. 1990)

(affirming dismissal of plaintiff's claims where plaintiff failed to oppose motions to dismiss, failed to follow a court order, including an order explicitly warning that failure to comply could result in dismissal, and plaintiff's inaction of <u>three</u> months).  As described below and in the Affirmation of Robert S. White, Plaintiff has engaged in each category of extreme conduct warranting dismissal.

Plaintiff's claims should be dismissed for the following independent reasons:  (i) Plaintiff has failed to take any actions to prosecute his claim since filing his complaint on or about February 27, 2004, over one year ago; (ii) Plaintiff failed to oppose Craig Smith's Motion to Dismiss (which was granted); (iii) Plaintiff failed to appear at the Court ordered December 9, 2004 Scheduling Conference before Honorable Judge Nathaniel M. Gorton; (iii) Plaintiff failed to follow the Court's subsequent instruction to write a letter explaining his failure to appear, under the possibility that his claims would be dismissed, *see Figueroa Ruiz*; 896 F.2d at 648-50; and (iv) Plaintiff's failures to follow Court orders pertaining to discovery including Judge Tauro's May 25, 2004 order and Judge Gorton's December 28, 2004 order.

WHEREFORE, Defendant Experian respectfully moves for an order pursuant to Rule 41(b) dismissing Plaintiff's claims <u>with prejudice</u>, and for such other relief as the Court may deem appropriate.

- 3 -

| | |
|---|---|
| Dated: Worcester, Massachusetts<br>March 23, 2005 | EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>/s/ Robert S. White<br>Robert S. White (BBO#552229)<br>Bourgeois, Dresser, White & Beard<br>4 Dix Street<br>Worcester, MA 01609<br>Telephone: 508-798-8801<br>Fax: 508-754-1943<br>  - and -<br>Albert J. Rota, Esq., *pro hac vice*<br>JONES DAY<br>222 E. 41st Street<br>New York, New York  10017<br>Tel:  (212) 326-3958<br>Fax:  (212) 755-7306 |

Rule 7.1 Certification

Pursuant to Rule 7.1(A)(2), prior to filing the instant Motion and Affidavit, counsel for Defendant Experian attempted to confer with Plaintiff with respect to the discovery dispute issues material to the within Motion and Affidavit, and did not receive a response.

/s. Robert S. White
ROBERT S. WHITE

- 3 -

NYI-2189587v1

CERTIFICATE OF SERVICE

I, Robert S. White, hereby certify that on March 24, 2005, I served a copy of the attached document on Plaintiff and all counsel of record by filing via ECF and/or mailing via first class mail addressed as follows:

| | |
|---|---|
| Helder Peixoto<br>161 Webster Avenue<br>Cambridge, Massachusetts  02141<br>*Plaintiff Pro Se* | Bruce S. Luckman, Esq.<br>Satzberg, Trichon, Kogan & Wertheimer, P.C.<br>1818 Market Street, 30th Floor<br>Philadelphia, PA  19103 |
| Mardic Marashian<br>Bonin & Marashian<br>77 Franklin Street, 4th Floor<br>Boston, MA  02110 | David B. Wilson, Esq.<br>Robinson & Cole LLP<br>One Boston Place<br>Boston, MA  02108 |
| John Friedline, Esq.<br>Kilpatrick Stockton LLP<br>1100 Peachtree St., Ste. 2800<br>Atlanta, GA  30309 | |

/s/ Robert S. White
Robert S. White

NYI-2189587v1