UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN SECTION

HELDER PEIXOTO,

        Plaintiff,

v.

EQUIFAX, TOM CHAPMAN.,

        Defendants.

Case No. 04-CV-10435 (NMG)

**AFFIDAVIT OF ROBERT S. WHITE IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

ROBERT S. WHITE declares, pursuant to the provisions of 28 U.S.C. § 1746, as follows:

1. I am over 18 years old and I am licensed and admitted to practice before the state and federal courts in Massachusetts. I am a member of the law firm Bourgeois, Dresser, White & Beard, co-counsel for Defendant Experian Information Solutions, Inc. ("Experian"). I am fully familiar with the facts and circumstances of this action. I submit this affidavit in support of Experian's Motion to Dismiss for Failure to Prosecute.

2. Plaintiff filed his Complaint against Experian on or about February 27, 2005 alleging that Experian violated the Fair Credit Reporting Act ("FCRA") and Massachusetts law. A true and correct copy of the Civil Cover Sheet and Complaint are attached hereto as Exhibit A.

3. On or about March 26, 2004, Defendant Craig Smith, former CEO of Experian, filed a Motion to Dismiss Complaint of Plaintiff Helder Peixoto. Judge Gorton dismissed Plaintiff's claims against Craig Smith.

4. Plaintiff failed to oppose Mr. Smith's motion to dismiss.

NYI-2189491v1

5.       On or about May 25, 2004, Judge Tauro issued a Discovery Order requiring Experian and Mr. Peixoto to exchange documents in accordance with Local Rule 26.2(A) and sworn statements in accordance with Local Rule 26.1(B). A true and correct copy of the Discovery Order dated May 25, 2004 is attached hereto as Exhibit B.

6.       Pursuant to the May 25, 2004 Order, Experian provided Plaintiff with its Initial Disclosures and relevant documents on or about June 14, 2004.

7.       Plaintiff has not provided counsel for Experian with any documents, as directed by Judge Tauro's Discovery Order.

8.       On or about July 14, 2004, Judge Tauro granted Defendants Experian, Trans Union and Equifax's joint motion to consolidate Plaintiff's respective claims.

9.       On or about July 14, 2004, the Clerk of the Court reassigned the consolidated action to Judge Nathaniel M. Gorton for further proceedings.

10.      On or about December 6, 2004, counsel for Experian communicated with Plaintiff Helder Peixoto by telephone regarding a proposed agenda and discovery schedule to be submitted as part of the Conference of the Parties Report. A true and correct copy of the Conference of the Parties report is attached hereto as Exhibit C.

11.      On December 9, 2004, Plaintiff failed to appear at a previously scheduled Status Conference without advance notice to the Court or to the parties.

12.      Judge Gorton instructed counsel for Defendants, as officers of the court, to draft a letter to Plaintiff admonishing him for his failure to attend the Scheduling Conference, and demanding a written explanation for his failure to attend.

13.      On or about December 10, 2004, counsel for Experian sent Plaintiff a letter via certified mail, return receipt requested, stating that "Judge Gorton instructed Defendants to

inform you that he was disappointed in your failure to appear at the conference without previously contacting the Court and has requested, under the possibility of dismissing your action, that you provide him with a written explanation regarding your failure to appear." A true and correct copy of the December 10, 2005 Letter from Albert J. Rota to Helder Peixoto is attached hereto as Exhibit D.

14. Based on information and belief, Plaintiff failed to provide the Court or the parties with any explanation for his failure to appear.

15. On or about December 28, 2004, the Court issued a Scheduling Order requiring, among other things, automatic discovery to be conducted on or before December 31, 2004, written discovery requests to be issued on or before January 31, 2005, and responses to written discovery to be issued on or before March 28, 2005. A true and correct copy of the Scheduling Order is attached hereto as Exhibit E.

16. Plaintiff has failed to serve Experian with his Initial Disclosures.

17. Experian served Plaintiff with its First Set of Interrogatories and First Request for Production of Documents via U.S. Mail on January 14, 2005.

18. Plaintiff has neither served written discovery requests nor responded to Experian's written discovery requests.

19. On or about March 11, 2005, Experian wrote to Plaintiff informing him that he has failed to provide initial disclosures and written discovery responses as required by the Scheduling Order. Experian also informed Plaintiff that it intended to move the Court for an order dismissing his claim if Experian did not receive the required discovery by March 18, 2005. A true and correct copy of the March 11, 2005 Letter from Albert J. Rota to Helder Peixoto is attached hereto as Exhibit F.

20. Plaintiff failed to contact counsel for Experian regarding the March 11, 2005 letter.

21. A true and correct copy of the Memorandum of Law in Support of Defendant Equifax Credit Reporting Agency's Motion to Dismiss for Failure to Prosecute Claim, filed March 21, 2005, is attached hereto as Exhibit G.

22. Plaintiff's claims should be dismissed because: (i) Plaintiff has failed to take any actions to prosecute his claim since filing his complaint on or about February 27, 2004, over one year ago; (ii) Plaintiff failed to oppose Craig Smith's Motion to Dismiss (which was granted); (iii) Plaintiff failed to appear at the Court ordered December 9, 2004 Scheduling Conference before Honorable Judge Nathaniel M. Gorton; (iii) Plaintiff failed to follow the Court's subsequent instruction to write a letter explaining his failure to appear, under the possibility that his claims would be dismissed; and (iv) Plaintiff's failures to follow Court orders pertaining to discovery including Judge Tauro's May 25, 2004 order and Judge Gorton's December 28, 2004 order.

23. Based on the instant affirmation, Experian's Motion to Dismiss for Failure to Prosecute Claims, and the legal authority cited in Defendant Equifax Credit Reporting Agency's Motion to Dismiss for Failure to Prosecute Claim, Defendant Experian respectfully moves for an order pursuant to Rule 41(b) dismissing Plaintiff's claims <u>with prejudice</u>, and for such other relief as the Court may deem appropriate.

/s/ Robert S. White
ROBERT S. WHITE

NYI-2189491v1

## CERTIFICATE OF SERVICE

I, Robert S. White, hereby certify that on March 23, 2005, I served a copy of the attached document on Plaintiff and all counsel of record by filing via ECF and/or mailing via first class mail addressed as follows:

Helder Peixoto
161 Webster Avenue
Cambridge, Massachusetts  02141
*Plaintiff Pro Se*

Mardic Marashian
Bonin & Marashian
77 Franklin Street, 4th Floor
Boston, MA  02110

John Friedline, Esq.
Kilpatrick Stockton LLP
1100 Peachtree St., Ste. 2800
Atlanta, GA  30309

Bruce S. Luckman, Esq.
Satzberg, Trichon, Kogan & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA  19103

David B. Wilson, Esq.
Robinson & Cole LLP
One Boston Place
Boston, MA  02108


/s/ Robert S. White
Robert S. White

NYI-2189491v1