UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HELDER PEIXOTO,
        Plaintiff,

vs.

EQUIFAX CREDIT
REPORTING AGENCY,
        Defendant.

Case No. 04-CV-10435
(consolidated with 04-CV-10437-NMG)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EQUIFAX CREDIT REPORTING AGENCY'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE CLAIM

Defendant Equifax Credit Reporting Agency ("Defendant Equifax") hereby submits this memorandum of law (the "Memorandum") in support of its motion pursuant to Rule 41(b) to dismiss for failure to prosecute (the "Motion") the claims of *Pro Se* Plaintiff Helder Peixoto ("Plaintiff"). Several legal and factual bases support the dismissal of Plaintiff's claims, as set forth briefly in the Motion and discussed more fully below.

### STATEMENT OF FACTS

Plaintiff simultaneously initiated three separate actions on or about February 27, 2004. In each case, he alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA"). See, e.g., Complaint at 4. On or about June 24, 2004, the defendants of such various parallel actions moved to consolidate. See, e.g., Motion to Consolidate. Plaintiff seeks, on behalf of himself and, purportedly, others similarly situated, compensation for "serious damages to plaintiff and many millions of consumers." Complaint at 7.

On June 4, 2004, Defendant Chapman, through counsel, specially appeared and moved pursuant to Rule 12(b) to dismiss Plaintiff's claims. See, e.g., Defendant Chapman's Motion to

Dismiss. The Court has granted Defendant Chapman's Motion to Dismiss. Similar motions are pending before or have been granted by the Court on behalf of the other named individual defendants in Plaintiff's parallel actions.

Pursuant to the Conference of the Parties Report filed in this matter on December 7, 2004, "the Plaintiff, Helder Peixoto, and counsel for Defendant Experian Information Solutions, Inc. ("Experian"), Attorney Albert J. Rota, on behalf of all Defendants, conferred by telephone on December 6, 2004. The parties agreed to a proposed agenda and a proposed discovery schedule." **Exhibit A**.

On December 9, 2004, at 3:00 p.m., pursuant to notice, Judge Nathaniel M. Gorton conducted a Scheduling Conference (the "Scheduling Conference"). **Exhibit B**. Without any advance notice, warning or excuse to the Court or any of the parties, Plaintiff failed to appear at the Scheduling Conference. Affidavit of Lee M. Holland, **Exhibit C**. The Court instructed the defendants to issue a letter to Plaintiff admonishing him for his failure to attend the Scheduling Conference, and demanding a written explanation for same. Id.

Defendant Experian sent Plaintiff a letter on December 10, 2004. **Exhibit D**. The December 10 letter explained that "Judge Gorton instructed Defendants to inform you that he was disappointed in your failure to appear at the conference without previously contacting the Court and has requested, under the possibility of dismissing your action, that you provide him with a written explanation regarding your failure to appear." Id. Plaintiff disregarded the court's directive, however, and has failed to submit any excuse or explanation for his failure to attend the Scheduling Conference. **Exhibit E**; **Exhibit C**.

The Scheduling Conference ultimately produced a Scheduling Order (the "Scheduling Order") that set forth the following material deadlines:

2

>   (2)   written discovery requests are to be filed by 1/31/05 and answers are to be filed by 2/28/05.

**Exhibit F**.

On December 20, 2004, Defendant Equifax timely served Plaintiff with its First Interrogatories and First Requests for Production of Documents (the "discovery"). **Exhibit G**. Pursuant to Rules 26, 33 and 34, Plaintiff had thirty (30) days in which to respond, until January 19, 2005. The 30-day response timeframe was clearly indicated as part of the introductory sections of such discovery. See id.

Pursuant to the Scheduling Order, Plaintiff had until February 28, 2005 to respond to discovery. **Exhibit F**.

On March 7, 2005 Defendant Equifax, through counsel, wrote to the Plaintiff to demand Plaintiff's responses to the outstanding discovery. **Exhibit H**. The March 7 letter explained the applicable deadlines, attached additional courtesy copies of the Scheduling Order and outstanding discovery and expressed in no uncertain terms that Defendant Equifax would move to dismiss Plaintiff's claims for failure to prosecute in the event the outstanding discovery responses were not received by Friday, March 18, 2005. See id. The letterhead on which the March 7 letter issued sets forth the contact information for Defendant Equifax's counsel. **Exhibit H**.

On Monday, March 14, 2005, Plaintiff contacted counsel for Defendant Equifax by telephone and represented that he had served his responses to the outstanding discovery. **Exhibit C**. Plaintiff represented that an error in the service address may have explained the failure in service. Id. Accepting as true Plaintiff's representations regarding the service of the outstanding discovery, counsel for Defendant Equifax requested that Plaintiff re-serve his responses to the outstanding discovery by fax. Id. Plaintiff agreed to do so. Id.

On Wednesday, March 16, 2005, counsel for Defendant Equifax called and again wrote to Plaintiff regarding the outstanding discovery. **Exhibit I**. The March 16 letter again recited the applicable deadlines, referenced the courtesy copies of the Scheduling Order and outstanding discovery that had been provided with prior correspondence, and reiterated in no uncertain terms that Defendant Equifax would move to dismiss Plaintiff's claims for failure to prosecute in the event the outstanding discovery responses were not received by Friday, March 18, 2005. See id.

As of close of business on Friday, March 18, 2005, Defendant Equifax has not received any response to its numerous requests for discovery. Affidavit of Lee M. Holland, **Exhibit C**.

## LEGAL ARGUMENT

**I.  DISMISSAL OF PLAINTIFF'S CLAIMS FOR FAILURE TO PROSECUTE RESTS WITHIN THE SOUND DISCRETION OF THE COURT AND IS AN APPROPRIATE JUDICIAL RESPONSE TO PLAINTIFF'S PROTRACTED INACTION, DISOBEDIENCE OF COURT ORDERS, IGNORANCE OF WARNINGS, AND CONTUMACIOUS CONDUCT IN THIS MATTER.**

"The authority of a federal trial court to dismiss a [claimant's] action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962) (citing to Fed. R. Civ. P. 41(b), the language of which substantially tracks the current incarnation of this rule).[1]

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure states as follows:

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any other order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b) (2004).

4

Courts recognize that "the sanction of dismissal with prejudice for want of prosecution is a unique and awesome one, foreclosing forever [a claimant's] opportunity to obtain judicial redress." Pomales v. Celulares Telefonica, Inc. et al., 342 F.3d 44, 48 (1st Cir. 2003). "While dismissal with prejudice is a severe sanction, at times it becomes necessary." Medeiros v. United States, 621 F.2d 468, 469 (1st Cir. 1980) (affirming dismissal of claims in connection with a two-year case history). Dismissal is appropriate in the face of "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Cosme-Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987) (emphasis added).

Dismissal of Plaintiff's claims in the instant case is appropriate for several independent reasons. First, although Plaintiff initiated his action against Defendant Equifax on or about February 27, 2004, since filing his complaint, Plaintiff has done nothing to advance his claims. Second, without providing any advance notice to the Court or defendants, Plaintiff failed to appear at the December 9, 2004 Scheduling Conference before the Honorable Judge Nathaniel M. Gorton. Moreover, Plaintiff then disregarded this honorable Court's order to issue a written explanation for his unexcused absence from the Scheduling Conference. To date, Plaintiff has proffered no explanation for his failure to appear at the Scheduling Conference. Finally, Despite multiple warnings to Plaintiff by Defendant Equifax of its intentions to move to dismiss, Plaintiff has failed to provide Defendant Equifax with untimely responses to overdue discovery despite his promises to do so.

Pursuant to Fed. R. Civ. P. 41(b), federal trial courts unquestionably have the power to dismiss a claimant's action with prejudice. Link, 370 U.S. at 629. Based upon the foregoing

legal authority, and the facts in this matter, dismissal of Plaintiff's claims in the instant case is entirely appropriate.

II. **PLAINTIFF HAS FAILED ATTEND COURT HEARINGS, HEED COURT ORDERS AND RESPOND TO REASONABLE DISCOVERY REQUESTS, WHICH EXTREME DILATORY CONDUCT JUSTIFIES DISMISSAL OF THE PLAINTIFF'S CLAIMS FOR FAILURE TO PROSECUTE.**

Dismissal of all claims brought by the Plaintiff against Defendant Equifax in this matter is not only well within the discretionary power of this court but indeed would be an appropriate judicial response in light of the Plaintiff's failures to participate in hearings, comply with discovery, and heed orders of the Court. "Litigants must act with reasonable diligence to bring their litigation to a final conclusion." Bucciere, 396 Mass. at 642; State Realty Co. of Boston, Inc. v. MacNeil Bros. Co., 358 Mass. 374, 379 (1970). The Plaintiff has failed to take any action on his claims and has disregarded Court orders. His action should be dismissed with prejudice.

In Link, the U.S. Supreme Court affirmed *sua sponte* dismissal with prejudice of the petitioner auto insured's personal injury claims due to petitioner's failure to prosecute his claim. On facts strikingly similar to those presented by the instant matter, the Link Court reasoned that the petitioner's failure to attend a duly scheduled court conference, and his subsequent failure to adequately explain his absence at same, justified the conclusion that petitioner's conduct was deliberately dilatory:

> On this record we are unable to say that the District Court's dismissal of this action for failure to prosecute, as evidenced only partly by the failure of petitioner's counsel to appear at a duly scheduled pretrial conference, amounted to an abuse of discretion. It was certainly within the bounds of permissible discretion for the court to conclude that the telephone excuse offered by petitioner's counsel was inadequate to explain his failure to attend. And it could reasonably be inferred from his absence . . . that petitioner had been deliberately proceeding in dilatory fashion.

Link, 370 U.S. at 633 (emphasis added).

6

Consider too Pomales, in which the First Circuit addressed whether appellant Pomales' sexual harassment claims had been appropriately dismissed. See generally id. Pomales had fired her lawyer and insisted upon representing herself *pro se* as she conducted a search for replacement counsel, during which time she failed to comply with certain court-imposed deadlines. Id. at 48-49. The First Circuit reversed the district court's dismissal of Pomales' claim, reasoning that Pomales had by her prior conduct evidenced sufficient diligence in prosecuting her claim, reasoning as follows:

> (1) Pomales [had] prosecuted her claims diligently until she fired her attorney; (2) the district court did not give Pomales fair warning of its inclination to employ so severe a sanction; and (3) the four-month delay she caused did not alone constitute misconduct sufficiently extreme to justify dismissal with prejudice.

Pomales, 342 F.3d at 49.

Just as in Link, and in stark contrast to Pomales, Plaintiff Peixoto cannot claim to have proceeded "diligently" during any period time in connection with his claim against Defendant Equifax. Indeed, the Plaintiff's conduct gives rise to an inference of deliberate dilatoriness. See Link, 370 U.S. at 633. Plaintiff's ongoing failure to comply with discovery and the orders issued by this honorable Court justifies the dismissal of his claims for failure to prosecute.

**WHEREFORE**, Defendant Equifax respectfully moves for an order pursuant to Rule 41(b) dismissing Plaintiff's claims with prejudice, and for such other relief as the Court may deem appropriate.

7

                                        Respectfully submitted,

                                        **EQUIFAX CREDIT REPORTING
                                        AGENCY**

                                        by its attorneys,

                                        /s/ Lee M. Holland
                                        David B. Wilson, Esq., BBO #548359
                                        Lee M. Holland, Esq., BBO #650617
                                        Robinson & Cole LLP
                                        One Boston Place, 25th Floor
                                        Boston, MA 02108-4404

                                        John J. Friedline, Esq.
                                        Kilpatrick Stockton LLP
                                        1100 Peachtree Street, Suite 2800
                                        Atlanta, GA 30309-4530
Dated: March 21, 2005


                            Rule 7.1 Certification

Pursuant to Rule 7.1(A)(2), prior to filing the Motion and Memorandum, counsel for the

Defendant Equifax conferred with Plaintiff with respect to the discovery dispute issues material

to the within Motion and Memorandum, and was unable to reach a resolution regarding same.

                                        /s/ Lee M. Holland
                                        Lee M. Holland

<u>Certificate of Service</u>

I, Lee M. Holland, counsel for the Defendant Equifax, hereby certify that on March 21, 2005 I served a copy of the within Memorandum on the Plaintiff and all counsel of record by mailing same via first class mail, addressed as follows:

Helder Peixoto
161 Webster Ave.
Cambridge, MA  02141
*Plaintiff Pro Se*

John Friedline, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309

Bruce S. Luckman, Esq.
Timothy Creech, Esq.
Satzberg, Trichon, Kogan & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA  19103

Albert J. Rota, Esq.
Jones Day
222 East 41st Street
New York, NY  10017-6702

Mardic Marashian, Esq.
Bonin & Marashian
77 Franklin Street, 4th Floor
Boston, MA  02110

/s/ Lee M. Holland
Lee M. Holland